UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TOWAUN COLEMAN,

                          Plaintiff,

v.                                                  9:24-cv-00455 (AMN/PJE)

J. HAMILTON *et al.*,

                          Defendants.

---

**APPEARANCES:**                                       **OF COUNSEL:**

**TOWAUN COLEMAN**
Edgecombe Residential Treatment Facility
611 Edgecombe Avenue
New York, New York 10032
Plaintiff, *pro se*

**HON. LETITIA A. JAMES**                    **CHI-HSIN E. ENGELHART, ESQ.**
New York State Attorney General        Assistant Attorney General
The Capitol
Albany, New York 12224
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On April 1, 2024, plaintiff *pro se* Towaun Coleman ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against J. Hamilton ("Defendant Hamilton"), Barbosa ("Defendant Barbosa," and, together with Defendant Hamilton, "Defendants"), and others, in connection with a misbehavior report that Plaintiff received during his incarceration by the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Complaint"). The Court conducted an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and, on May 28, 2024, dismissed the Complaint with leave to amend. Dkt. No. 7.

1

Plaintiff filed an amended complaint on June 25, 2024.  Dkt. No. 9 ("Amended Complaint").  The Court subsequently assessed the sufficiency of the Amended Complaint and determined that the following claims remained and required a response: (i) Plaintiff's First Amendment retaliation claim against Defendant Hamilton; (ii) Plaintiff's Fourteenth Amendment Due Process claims against Defendants; and (iii) Plaintiff's state law defamation and slander claims against Defendants.  Dkt. No. 10 at 17.[1]

On January 27, 2025, Defendants moved for summary judgment on Plaintiff's First Amendment claim and to dismiss Plaintiff's state law claims.  Dkt. No. 26 ("Motion").  Plaintiff opposed the Motion and filed a cross-motion for an evidentiary hearing.  Dkt. No. 30 ("Cross-Motion").  This matter was referred to United States Magistrate Judge Paul J. Evangelista, who, on August 29, 2025, issued a report-recommendation and order recommending that the Motion be granted and that the Cross-Motion be denied.  Dkt. No. 34 ("Report-Recommendation").  Magistrate Judge Evangelista advised that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 35-36.  Neither party filed objections, and the time to do so has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.     LEGAL STANDARD

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223,

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the document's internal pagination.

228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."  *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

As no party has filed objections to the Report-Recommendation, this Court reviews the Report-Recommendation for clear error. Familiarity with the background and the legal framework set forth in the Report-Recommendation, both of which the Court adopts as they contain no clear error, is presumed.

As to Plaintiff's First Amendment claim, he alleges that Defendant Hamilton retaliated against him in connection with the filing of an allegedly false misbehavior report on September 29, 2023. Dkt. No. 34 at 4-7. Magistrate Judge Evangelista concluded that Plaintiff had failed to administratively exhaust this claim. *Id.* at 15-20. Magistrate Judge Evangelista determined that, under the applicable DOCCS regulations, Plaintiff had until October 20, 2023 to file a grievance, or until November 12, 2023 to request an extension of time to file a grievance. *Id.* at 15. Neither the record nor Plaintiff's allegations establish that he did either. *Id.* at 15, 28. Instead, the parties agree that Plaintiff attempted to file a grievance on February 5, 2024. *Id.* at 15. Magistrate Judge Evangelista also determined that administrative remedies were available to Plaintiff at all relevant times. *Id.* at 20-28. Because Plaintiff's failure to exhaust his administratively remedies was no longer curable, Magistrate Judge Evangelista recommended granting the Motion and dismissing Plaintiff's First Amendment claim against Defendant Hamilton with prejudice. *Id.* at 29.

The Court discerns no clear error in this analysis, to which it adds the following. First, the issue of exhaustion here is not "intertwined with the merits" of Plaintiff's retaliation claim, which relates to an earlier and independent misbehavior report. *Perttu v. Richards*, 605 U.S. 460, 468 (2025). Second, Plaintiff himself confirms that he failed to administratively exhaust this claim. The general DOCCS grievance process consists of three steps:

> First, the inmate must generally file a grievance with the Inmate Grievance Resolution Committee ("IGRC") within 21 days of the incident. N.Y. Comp. Codes

>    R. & Regs. ("NYCRR") tit. 7 § 701.5(a)(1), (b).  The IGRC must render a decision
>    within 18 days of receipt.  *Id.* § 701.5(b)(2)(ii), (b)(3)(i).  If the IGRC renders an
>    adverse decision, the inmate has seven days from receipt to appeal to the
>    superintendent of the facility, who then has 20 days to respond.  *Id.* § 701.5(c).  If
>    the superintendent renders an adverse decision, the inmate has seven days to appeal
>    to the [Central Office Review Committee ("CORC")].  *Id.* § 701.5(d)(1)(i).  The
>    CORC, in turn, "shall review each appeal [and] render a decision on the grievance
>    . . . within 30 calendar days from the time the appeal was received."  *Id.*
>    § 701.5(d)(3)(ii). . . . "Absent [ ] extension, matters not decided within the time
>    limits may be appealed to the next step."  *Id.* [§ 701.6(g)(2)].

*Hayes v. Dahlke*, 976 F.3d 259, 264 (2d Cir. 2020) (second and third alterations in original) (footnote omitted); *see also* Dkt. No. 34 at 13-15.

As detailed in the Report-Recommendation, Plaintiff contends that he is "fully aware of the whole grievance process[.]"  Dkt. No. 34 at 11 (citation omitted).  Plaintiff further contends that he navigated the entire process, unilaterally and without receiving any response, by writing a series of letters between February 5, 2024 and March 22, 2024.  *Id.* at 6-7; *see* Dkt. No. 30-1 at 7-9.  Even if the grievance process could be exhausted at that time and in such a fashion, and all Plaintiff's letters were submitted properly and received immediately, Plaintiff only wrote to the CORC on March 22, 2024.  Dkt. No. 30-1 at 9.  Plaintiff then filed this lawsuit on April 1, 2024.  Dkt. No. 1.  At that time, the CORC still had weeks, at least, to render a decision and thus Plaintiff had not exhausted his administrative remedies at the time he filed suit.  *Dahlke*, 976 F.3d at 270 ("We therefore hold that, because the DOCCS Inmate Grievance Procedure imposes a mandatory deadline for the CORC to respond, an inmate exhausts administrative remedies when he follows the procedure in its entirety but the CORC fails to respond within the 30 days it is allocated under the regulations.").

In sum, the Court agrees with Magistrate Judge Evangelista that there is no genuine dispute of material fact regarding Plaintiff's failure to exhaust his First Amendment claim, and that an evidentiary hearing on the issue is unnecessary.  Dkt. No. 34 at 15, 35.

Plaintiff's state law defamation and slander claims relate to actions taken by Defendants in connection with the allegedly false misbehavior report and a subsequent hearing. *Id.* at 31-35. Plaintiff did not respond to Defendants' arguments for dismissing these claims. *Id.* at 31. After examining Plaintiff's allegations and the applicable law, Magistrate Judge Evangelista concluded that Defendants' alleged actions were within the scope of their employment with DOCCS and were thus barred by New York State Corrections Law § 24. *Id.* at 34-35. The Court discerns no clear error in this analysis and agrees with Magistrate Judge Evangelista that this claim should be dismissed with prejudice as well.

As a result, the Report-Recommendation is adopted in its entirety.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 34, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' Motion, Dkt. No. 26, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's First Amendment retaliation claim against Defendant Hamilton and defamation and slander claims against Defendant Hamilton and Defendant Barbosa, are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's Cross-Motion, Dkt. No. 30, is **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.[2]

**IT IS SO ORDERED.**

Dated: September 25, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.